UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order

In Re: Richard Bailey

Case/AP Number 11-13622 -FJB
Chapter 13

#49 Objection of Chapter 13 Trustee to Confirmation of Debtor's Chapter 13 Plan (C. Bankowski)
#54 Response of Debtor (A. Liss)

COURT ACTION:

_____Hearing held

_____Granted   _____Approved   _____Moot

_____Denied   _____Denied without prejudice   _____Withdrawn in open court

_____Overruled   _____Sustained

_____Continued to _____

_____Proposed order to be submitted by _____

_____Stipulation to be submitted by _____

_____No appearance by _____

Show Cause Order   _____Released   _____Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

   The Chapter 13 Trustee objected to confirmation of the Debtor's plan arguing that the proposed plan payment was based on an impermissible amount of expenses. The expenses include a series of smaller amounts and a large amount for mortgage payments. A hearing was held on November 17, 2011, at which the Court offered the parties an opportunity to file post-argument briefs. The Chapter 13 Trustee rested on her objection. The Debtor submitted a brief in support of his opposition. For the reasons set forth below, the Court sustains the Trustee's objection to confirmation.
   According to the Trustee, the Debtor has failed to commit all his projected disposable income to payment of creditors as required by 11 U.S.C. § 1325(b). As submitted, the Plan proposes to pay $325 per month for 60 months. On his Form B22C, the Debtor calculates a monthly disposable income of $27.88, following the formula provided in § 1325(b)(2).
   Comparing line deductions taken on Form B22C to amounts listed on Schedule I, the Trustee contends the Debtor has over-claimed certain expenses. First, the Debtor deducts $2,287.16 on line 30 for federal, state, and local taxes. However, Schedule I lists a payroll deduction of $2,035.15 for taxes and Social Security. Second, the Debtor deducts $534.67 on line 31 as an involuntary employment deduction. However, the only relevant expense on Schedule I is $173.33 for union dues. Third, the Debtor deducts $369.85 on line 55 as a retirement deduction. However, this amount appears on line 30, to the extent the Debtor listed it on his Schedule I as part of his payroll deduction. He cannot deduct the same expense twice. Accordingly, the Debtor has over-claimed expenses on line 55 by $369.85. Neither the Debtor's response [Doc. 54] nor his brief [Doc. 64] offer any explanation for these discrepancies. Accordingly, I agree with the Trustee that the Debtor has over-claimed his expenses in the amount of $983.04. In addition, the Debtor has miscalculated the trustee's fee on line 50. A plan payment of $325 yields a fee of $32.50, not $30.98.

(CONTINUED ON APPENDED PAGE)

IT IS SO ORDERED.

*/s/ Frank J. Bailey*

_____Dated: 01/13/2012
Frank J. Bailey
United States Bankruptcy Judge

As to the larger discrepancy, the Debtor deducts $1,961 in mortgage payments on real property he intends to surrender. The Debtor argues that because these payments are still "contractually due," he is permitted to deduct them on line 47 of Form B22C as "future payments on secured claims."[1] I disagree.

Section 1325(b)(2) defines "disposable income" as current monthly income, less "reasonably necessary" expenses. For above-median income filers such as the Debtor, Section 1325(b)(2) incorporates the Section 707(b)(2) (the "Means Test") to determine "reasonably necessary" expenses. To arrive at the debtor's "projected disposable income," the Court may also account for changes in the debtor's income or expenses that are "known or virtually certain to occur at the time of confirmation." See Hamilton v. Lanning, 130 S. Ct. 2464, 2478 (2010). In this case, the Plan states the Debtor is surrendering the mortgaged property. The Debtor's instant brief avers that he no longer makes the mortgage payments and now rents an apartment. From this, I conclude that cessation of mortgage payments at the time of plan confirmation is an event certain to occur. See Hamilton, 130 S. Ct. at 2471 (favoring a forward-looking approach when interpreting "projected disposable income"). Consequently, the Debtor cannot list his mortgage payments on line 47 of Form B22C as future payments on secured claims. Without a line 47 deduction, the Debtor must take the Local Standard deduction of $1,288 for housing expenses on line 25B.

When all the adjustments to the Form B22C are made, the Debtor is left with expenses of $6,408.88. This figure, when subtracted from the Debtor's Schedule 1 income of $7,436 leaves $1,027.12 in projected disposable income. Accordingly, since the Plan proposes a monthly payment of only $325, it cannot be confirmed. See 11 U.S.C. § 1325(b)(1)(B).

---

[1] The Debtor also subtracts these payments from the standard deduction of $1,2888 on line 25B to arrive at a Local Standard housing deduction of zero.

1